IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

                                Plaintiff,                              ORDER

    v.

                                                                     10-cr-175-bbc

SHAON ARCH,

                                Defendant.

_____

       On April 1, 2011, this court received from the Metropolitan Correctional Center-Chicago the April 1, 2011 Forensic Report for defendant Shaon Arch prepared by Forensic Psychologist Christine Scronce, Ph.D. *See* dkt. 27. In her report, Dr. Scronce opined that Arch suffers from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Dr. Scronce recommended that the court commit Arch for further treatment and evaluation pursuant to 18 U.S.C. § 4241(d), although she predicted that Arch was unlikely to consent to treatment. *Id.* at 7.

       In response, Arch's attorney has advised the court that he sees no need to hold a competency hearing because he agrees with Dr. Scronce that the court should commit Arch for treatment in an attempt to restore him to competency. Arch's attorney also requested that the MCC evaluate Arch pursuant to 18 U.S.C. § 4242 to determine if Arch was legally insane at the time of the alleged offense. *See* dkt. 28. The government concurred in these requests. *Id.*

       I agree. Pursuant to 18 U.S.C. § 4241(d), I find from the uncontested evidence that Arch suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

ORDER

It is ORDERED that:

1) Defendant Shaon Arch is committed to the custody of the Attorney General to be hospitalized for treatment at MCC-Chicago for up to four months from the date of this order, to determine whether there is a substantial probability that in the foreseeable future that Arch will attain the capacity to permit his trial to proceed;

2) MCC-Chicago promptly shall file a certificate of competency pursuant to 18 U.S.C. § 4241(e) if Arch attains the capacity to permit his trial to proceed prior to the conclusion of his four months of hospitalization;

3) MCC-Chicago shall file its § 4241(d)(1) report with the court not later than ten calendar days before the conclusion of Arch's four-month hospitalization so that the court may determine whether additional hospitalization under § 4241(d)(2) is necessary;

4) Pursuant to § 4242, MCC-Chicago also shall prepare and file with this court a psychiatric or psychological report that includes:

    (1)    Arch's history and present symptoms;

    (2)    A description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3)    The examiner's findings; and,

    (4)    The examiner's opinion whether Arch was insane at the time of the offenses charged.

Time continues to be excluded from computation on the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(4).

Entered this 14th day of April, 2011.

>BY THE COURT:
>
>/s/
>
>STEPHEN L. CROCKER
>Magistrate Judge

3