IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

ORDER

          Plaintiff,

10-cr-175-bbc

     v.

SHAON ARCH,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This court held a continued hearing on the revocation of defendant's supervised release was held in this case on August 19, 2014. Assistant United States Attorney Rita Rumbelow appeared for the government; defendant Shaon Arch was present in person and by counsel, Michael Lieberman, Supervisory Associate Federal Defender. United States Probation Officer Kristin Kiel participated by telephone. The hearing was a continuation of an earlier hearing that had begun the day before. It was adjourned when counsel for both parties asked for a continuance until it could be determined whether defendant would be allowed to return to the day program at Safe Haven, where he had been taken on August 15, 2014, upon his release from prison.

Some background is in order: on August 15, 2014, one day before the expiration of his federal sentence, defendant was brought to Madison from Springfield, Missouri, by employees of the Bureau of Prison. He was promptly evaluated for a mental health

1

placement and found to be functioning well enough not to need one.  However, he had no

residence or any plan for obtaining one.

Officer Kiel, defendant's supervising probation officer, was able to arrange a daytime

placement at Safe Haven, a day facility for homeless persons, from which he would be

transported at the end of each day to a night homeless shelter at Grace Episcopal Church.

She and another probation officer drove defendant to Safe Haven at about noon on August

15.  She  told defendant that he was to remain at the facility until he was taken to the

church in the evening and that he was not to leave for any other reason.  Not long

afterwards, staff from Safe Haven called Kiel to tell her that defendant had been observed

masturbating in the corner and approaching individuals, seeking sex.  When he was told by

staff that his behavior was not appropriate, he left the facility, saying he was going to

WalMart (which was within walking distance).

At this point, Officer Kiel obtained a warrant for defendant's arrest on the ground

that he had violated a standard condition of his supervised release when he violated her

instructions.  The warrant was executed that same afternoon and defendant was taken into

custody by the United States Marshals Service shortly thereafter.

At the August 19 hearing, Assistant United States Attorney Rumbelow advised the

court that she had learned that Safe Haven would not allow defendant to return to its facility

until August 25. Defendant's counsel argued that defendant's supervised release should not

be revoked because of his on August 15 and that he should be released despite his lack of any

residence.  This option was unacceptable, given defendant's demonstration that he would

2

not follow the instructions of his supervising probation officer.  In addition, although he could still sleep at Grace Church, he would have no place to spend the day.

Defendant's counsel suggested that rather than revoke supervised release, the court modify the conditions of supervised release to provide that defendant would be housed at the Dane County jail for the short period of time he was not allowed to spend daytime hours at Safe Haven.   The government agreed with the suggestion and it is adopted.


ORDER

IT IS ORDERED that the conditions of supervised release imposed on defendant Shaon Arch on June 21, 2013 are modified as follows: defendant is committed to the custody of the United States Marshals Service until August 24, 2014, at about 5:00 p.m., when Supervising Probation Officer Kiel will meet him at the Dane County jail and escort him to the homeless shelter at Grace Episcopal Church for the evening.  Defendant will be able to take the bus from Grace Church to Safe Haven the next morning.

In all other respects, the conditions of defendant's supervised release remain as entered on June 13, 2013.

Entered this 21st day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3